IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KENYA HARRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  1:15-CV-034 (LJA) |
| | : | |
| CITY OF ALBANY, GEORGIA; | : | |
| CHIEF JOHN A. PROCTOR in his | : | |
| official capacity as Chief of Police, | : | |
| City of Albany Police Department; | : | |
| OFFICER RYAN JENKINS, | : | |
| individually and in his official as an | : | |
| employee of the City of Albany Police | : | |
| Department; and OFFICER | : | |
| RICHARD BROWN, JR., individually | : | |
| and in his official capacity as an employee | : | |
| of the City of Albany Police Department, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Damages (Doc. 8).   For the reasons articulated below, the Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff, Kenya Harris, initiated this action on February 5, 2015, by filing a complaint pursuant to 42 U.S.C. § 1983 and various state law claims for assault, battery, false imprisonment, false arrest, intentional infliction of emotional distress, negligence, and gross negligence against Defendants City of Albany, Chief John A. Proctor, Officer Ryan Jenkins, and Officer Richard Brown, Jr. (collectively, "Defendants"). (Doc. 1).   These claims arise from her arrest for Obstruction of an Officer on May 21, 2011. *Id.* Defendants moved to dismiss the Original

1

Complaint on March 27, 2015. (Doc. 5). Subsequently, on April 1, 2015, Plaintiff filed an Amended Complaint, (Doc. 7), in which Plaintiff alleges that Defendant Officer Ryan Jenkins ("Officer Jenkins") used excessive force to unlawfully arrest her and that Officer Richard Brown, Jr. ("Officer Brown") acquiesced to Officer Jenkins unlawful conduct. (*Id.*)  Plaintiff sues Officers Jenkins and Brown in their individual and official capacities. (*Id.*)  Plaintiff further alleges that Defendant Chief John Proctor ("Chief Proctor") was Officers Jenkin and Brown's direct supervisor and that Defendant City of Albany employed Officers Jenkins and Brown and Chief Proctor. (*Id.*)  Plaintiff sues Chief Proctor in his official capacity.  (*Id.*)

On April 8, 2015, Defendants moved, pursuant to Fed. R. Civ. P 12(b)(6), to Dismiss the Amended Complaint. (Docs. 8 and 9).  Plaintiff filed her Response on April 30, 2015, and Defendants filed a Reply on May 7, 2015.  (Docs. 10 and 11).  Accordingly, the Motion to Dismiss is ripe for review.  *See* M.D. Ga. L.R. 7.3.1(a).

## FACTUAL SUMMARY[1]

On May 21, 2011, Plaintiff was summoned to the Albany Police Department after her minor son was arrested. (Doc. 7).  After waiting for approximately five hours at the station, Plaintiff told Officer Jenkins that she needed to go home to care for her other children. *Id.* Officer Jenkins objected to Plaintiff's tone of voice and threatened to "take her head and 'put it to the floor'" if Plaintiff continued to speak to him in that tone. *Id.*  Plaintiff was unarmed and was not acting in a dangerous or erratic manner. *Id.*

Plaintiff again advised Officer Jenkins that she needed to go home to care for her other minor children. *Id.*  Without provocation, Officer Jenkins grabbed Plaintiff, who weighs less than one hundred twenty (120) pounds, by her neck and slammed her to the ground. *Id.* Plaintiff momentarily blacked out and came to with Officer Jenkins sitting on her back with his knee on her arm. *Id.*  Officer Jenkins then put Plaintiff in handcuffs and slammed her against the wall. *Id.* Plaintiff was placed into an interrogation room. *Id.*  Plaintiff repeatedly requested medical attention for pain and bruises on her back, shoulder, and neck, but no treatment was forthcoming. *Id.* Plaintiff was charged with obstruction and taken to the Dougherty County Jail, where she spent the

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's complaint, (Doc. 1), as true. *See* Fed. R. Civ. P. 12 (b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

2

night. *Id.*

The next day, after making bail, Plaintiff immediately went to Phoebe Convenient Care seeking treatment for her injuries. *Id.* According to the medical report prepared 24 hours after the incident, Plaintiff suffered from a contusion on her right knee, neck spasms, severe trapezius pain in her left shoulder, muscle pain in her right upper and lower arm, bruising to her left lower elbow and wrist, as well as bruising on the right side of her forehead. *Id.* Plaintiff was pregnant at the time, and suffered a miscarriage as a result of the incident. *Id.*

Officer Brown was present during the altercation with Officer Jenkins and the subsequent arrest. *Id.* On April 26, 2012, Plaintiff was charged with Obstruction of Officer in violation of O.C.G.A. § 16-10-24. *Id.* These charges were dismissed by the District Attorney on February 6, 2013. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs;" however, it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291.

## DISCUSSION

Defendants move to dismiss all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. With regard to Plaintiff's §1983 claims for excessive force and false arrest/imprisonment, Defendant argues that the claims are barred by O.C.G.A. § 9-3-33 which imposes a two-year statute of limitations. Defendant argues that Plaintiff's §1983 claim

3

for malicious prosecution fails as Plaintiff has not alleged sufficient facts to sustain a malicious prosecution claim. Finally, Defendants argue that all of Plaintiff's state law claims are barred by the two year statute of limitations imposed by § 9-3-33.

### I. Plaintiff's § 1983 Claims

Section 1983 creates a civil cause of action for any person deprived of any rights, privileges, or immunities secured by the Constitution and other laws by another person acting under color of law.[2] This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, (1994); *see also Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) ("Section 1983 is no source of substantive federal rights."). To prove a claim under 42 U.S.C. § 1983, a plaintiff must show: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989 (11th Cir. 1990)). "The first step in any such claim [under 42 U.S.C. § 1983] is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271. Plaintiff appears to allege that Defendant's violated her Fourth and Fourteenth Amendment rights resulting in claims under § 1983 of (1) excessive force, (2) false arrest/ imprisonment, and (3) malicious prosecution. (Doc. 7).

Plaintiff's claims for excessive force and false arrest/imprisonment are time barred, and Plaintiff's malicious prosecution claim fails adequately to allege that she suffered a depravation of liberty subsequent to the initiation of legal process.

---

[2] Section 1983 states, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

### A. Excessive Force and False Arrest and Imprisonment Claims are Time Barred

The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007) (citation omitted). Under Georgia law, the statute of limitations for such claims is two years pursuant to § 9–3–33. *See Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir.2003) (per curiam). Excessive force claims brought under §1983 accrue when the alleged use of excessive force occurred. *See Baker v. City of Hollywood*, 391 Fed. Appx. 819, 821 (11th Cir. 2010). According to the Amended Complaint, excessive force was used during the arrest of Plaintiff on May 21, 2011. Thus, Plaintiff had until on or about May 21, 2013 to file suit for excessive force. She did not file her original Complaint until February 5, 2015 – almost two years after the statute of limitation expired. Thus, Plaintiff's claim under §1983 for excessive force is time-barred.

False arrest claims brought pursuant to § 1983, where arrest is followed by criminal proceedings, accrue when the claimant is detained pursuant to a legal process. *See Wallace*, 549 U.S. at 391, 127 S.Ct. at 1097. As damages for a false arrest claim "cover the time of detention up until issuance of process or arraignment, but not more," *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994), a claim for false arrest accrues upon detention, or in this case Plaintiff's release on bond after her arraignment on May 22, 2011. Therefore, Plaintiff had until May 22, 2013 to file her claim for false arrest/imprisonment pursuant to §1983. As Plaintiff did not file her claim until February 5, 2015, her claim is time barred.

### B. Plaintiff Fails to State a Claim for Malicious Prosecution Under §1983

A § 1983 claim for malicious prosecution arises where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and, due to that seizure, injuries follow as the prosecution continues. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir.2010). To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of

malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir.2004); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).   The elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood*, 323 F.3d at 882.  In order to sufficiently allege a claim for malicious prosecution, Plaintiff must allege that she "suffered a depravation of liberty after 'legal process' was initiated." *Gatling v. Roland*, 2011 WL 2711226 (M.D. Ga. 2011).  "In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted. Thus, the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was 'not one that arose from malicious prosecution as opposed to false arrest.'"  *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004) (citations omitted).  Thus, to the extent that Plaintiff's claim for malicious prosecution rests on her May 21, 2011 arrest, she fails to state a claim upon which relief can be granted.

When the legal process is in the form of a warrant, "the arrest itself may constitute the seizure, or a subsequent arraignment, *in which case any post-arraignment deprivations of liberty (such as being bound-over for trial)* might satisfy this constitutional requirement." *Love v. Oliver*, 450 F. Supp. 2d 1336, 1340 (N.D. Ga. 2006) (emphasis added).  Plaintiff's Amended Complaint alleges only that, "[Plaintiff] was charged with Obstruction of Officer in Violation of O. C. G. A. §16-10-24" and that " The action of the above-named Defendants amounted to malicious prosecution as all charges by Defendant Officer Jenkins and Defendant Officer Brown were dismissed by the District Attorney on February 6, 2013."  (Doc. 7 at ¶¶ 46 and 47).  Plaintiff has not alleged any facts to support a claim that she suffered a depravation of liberty after the issuance of the warrant.  Because Plaintiff has not alleged a violation of her Fourth Amendment right to be free from unreasonable seizures that occurred after the issuance of the warrant, she does not sufficiently allege a claim for malicious prosecution.

Accordingly, as Plaintiff has failed to state a claim under §1983 for excessive force, false arrest/imprisonment, or malicious prosecution, her federal claims are dismissed.

## II. State Law Claims

Once a plaintiff's federal claims are dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett*, 117 F.3d at 1353 (citing P*almer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 70 F.3d at 1089.

Plaintiff's state law claims are dismissed to allow Plaintiff to pursue her claims in a more appropriate forum. The state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.[3] In addition, Section 1367(d) gives "the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction," thereby removing "the principal reason for retaining a case in federal court when the federal claim belatedly disappears." *Personalized Media Comm'ns, LLC v. Scientific–Atlantic, Inc.*, 493 F. App'x 78, 82 n.1 (11th Cir. 2012); *see also* 28 U.S.C. § 1367(d) (providing that state law claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). While it may be convenient for the Parties to continue litigating this case in this Court, neither judicial economy nor fairness to other litigants supports retaining jurisdiction over Plaintiff's state law claims while delaying justice in other cases where the Court retains original jurisdiction.

---

[3] Plaintiff argues that the statute of limitation on her state law claims is tolled by O.C.G.A. §9-3-99. Defendants argue based on *Valades v. Uslu*, 301 Ga. App. 885, 888-889 (2009) *and Columbia County v. Branton*, 304 Ga. App. 149, 152-153 (2010), that § 9-3-99 inapplicable. The Court notes that the Court of Appeals of Georgia appears to have overruled these cases on relevant grounds in *Harrison v. McAfee*, 788 S.E.2d 872 (2016). Thus, it is even more appropriate to have this case decided by the Georgia State Courts.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' (City of Albany, Chief John A. Proctor, Officer Ryan Jenkins, and Officer Richard Brown, Jr.) Motion to Dismiss Plaintiff's Amended Claim for Damages (Doc. 8).  Plaintiff's claims against Defendants City of Albany, Chief John A. Proctor, Officer Ryan Jenkins, and Officer Richard Brown, Jr. are **DISMISSED** pursuant to Rule 12(b)(6).

**SO ORDERED**, this 27th day of September, 2016.

        /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**